IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MERRITT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 13-0580** |
| | : | |
| **THE STATE OF PENNSYLVANIA,** | : | |
| **NORTHAMPTON COUNTY** | : | |
| **CORRECTIONAL CENTER and** | : | |
| **STEVEN GULLO** | : | |

## ORDER

**AND NOW**, this 8th day of May, 2013, upon consideration of the Complaint, it is **ORDERED** that pursuant to 28 U.S.C. § 1915(e), the complaint is **DISMISSED** as to the State of Pennsylvania and the Northampton County Correctional Center.[1]

       /s/Timothy J. Savage
       TIMOTHY J. SAVAGE, J.

---

[1] The Eleventh Amendment to the United States Constitution prohibits a federal action for damages against a state unless the state has waived its immunity. U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651 (1974). Also, "[A] state is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Similarly, a prison is not a "person" subject to suit under § 1983. *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Therefore, all claims against the Commonwealth of Pennsylvania and the Northampton County Correctional Center must be dismissed.